UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrice Sawyers, # 15268-075, | ) C/A No. 5:14-2135-TMC-KDW |
|                   Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, FCI-Edgefield, | ) |
|                   Respondent. | ) |

Tyrice Sawyers ("Petitioner"), a self-represented prisoner confined at Federal Correctional Institution ("FCI")-Edgefield, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. He submitted a brief amendment to the Petition that has been docketed as an attachment thereto. This report is based on the Petition as amended. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

I.      Factual and Procedural Background

Petitioner was convicted of being a felon in possession of a firearm and given a 300-month prison sentence by the Middle District of Tennessee in 1999. *United States v. Sawyers*, No. 3:99-cr-193 (M.D. Tenn.). His sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on the record of his prior convictions. His conviction and sentence were affirmed by the Sixth Circuit Court of Appeals. *United States v. Sawyers*, 223 F. App'x 475 (6th Cir. 2007). His initial § 2255 motion was denied by the sentencing court on March 18, 2008. *Sawyers v. United States*, No. 3:07-cv-1175 (ECF No. 17). Before he filed his Petition in this case, Petitioner unsuccessfully sought permission from the Sixth Circuit Court of Appeals to file a second § 2255 motion in the sentencing court, citing to several United States Supreme Court cases decided after the conclusion of his direct appeal and initial § 2255 motions. His request was denied on September 12, 2012. *See In re Sawyers*, No.

11-6526 (6th Cir. Sept. 21, 2012); *see also Johnson v. United States*, 559 U.S. 133 (2010); *Chambers v. United States*, 555 U.S. 122 (2009); *Begay v. United States*, 553 U.S. 137 (2008).

Currently incarcerated at FCI-Edgefield in Edgefield, South Carolina, Petitioner brings this § 2241 habeas Petition seeking to vacate his sentence based on claims that three of the Tennessee state convictions used to enhance his sentence are not for crimes of violence as that term is now construed by the Sixth Circuit Court of Appeals. *See* Pet'r's Mem. 8-10, ECF No. 1-1 (citing *United States v. Vanhook*, 640 F.3d 706, 715 (6th Cir. 2011) (facilitating a burglary not a violent crime for ACCA purposes); *United States v. Evans*, 378 F. App'x 485, 490 (6th Cir. 2010) (Tenn. statutory rape not categorically violent for ACCA purposes)). Plaintiff also relies on *Descamps v. United States*, 133 S. Ct. 2276 (2012), in arguing his Tennessee conviction of retaliation for past actions, Tenn. Code Ann. § 39-16-510, is not violent for ACCA purposes. Petitioner contends that he is now actually innocent of his enhanced sentence as a result of the change in applicable law since the time of his direct appeal and initial § 2255 motion. Pet. 8, ECF No. 1; ECF No. 1-5. It does not appear that Petitioner requested permission from the Sixth Circuit to file a second § 2255 motion based on any of these three opinions (*Vanhook, Evans, Descamps*). *In re Sawyers*, No. 11-6526, Order, ECF No. 33 (6th Cir. Sept. 21, 2012).

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

*v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case be summarily dismissed.

III.    Analysis

The § 2241 Petition under review is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)

3

(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction or sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen*, No. 00-7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). In this case, Petitioner has already filed one unsuccessful § 2255 motion in the sentencing court, and the Sixth Circuit denied him permission to file a second one based on United States Supreme Court cases decided after the conclusion of his initial § 2255 motion. However, it is settled that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *In re Vial*, 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner's allegations fail to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. *See In re Jones*, 226 F.3d 328 (4th Cir. 2000). The *In re Jones* court held that, in order to challenge the validity of a conviction or sentence based on new law, a petitioner must show:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the

> prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

226 F.3d at 333-34.

The Petition under review fails to demonstrate that the conduct for which Petitioner was convicted (possession of a firearm by a convicted felon) has been deemed non-criminal by any substantive law change since his direct appeal. Instead, Petitioner alleges that he is "actually innocent" of his sentence enhancement pursuant to the ACCA and argues that his previous Tennessee facilitation of burglary, statutory rape, and retaliation for past actions convictions are not crimes of violence under the ACCA in light of *Alleyne v. United* States, 133 S. Ct. 2151 (2013); *Descamps v. United States*, 133 S. Ct. 2276 (2012), and the Sixth Circuit's *Vanhook* and *Evans* cases. Mem.1, ECF No. 1-1. However, *neither Descamps* nor *Alleyne* has been declared retroactive on collateral review. *See Walton v. United States,* No. 5:14-CV-12, 2014 WL 2515129, * 7 (N.D.W. Va. June 4, 2014) (collecting cases holding that *Alleyne* has not been held retroactive); *Baker v. Zych*, No. 7:13-cv-512, 2014 WL 1875114, at *2 (W.D. Va. May 9, 2014) (collecting cases holding that *Descamps* is not retroactive on collateral review); *Williams v. Ziegler*, No. 5:12-cv-398, 2014 WL 201713, at *2 n.3 (S.D.W. Va. Jan. 17, 2014) (same). Therefore, Petitioner's reliance on the *Descamps* and *Alleyne* Supreme Court cases as the basis for this § 2241 Petition is misplaced. Furthermore, the Fourth Circuit has not extended the reach of the savings clause to petitioners who challenge only their sentences. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008); *Farrow v. Revell*, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (challenge to sentencing factor is not cognizable under § 2241); *see also Whiteside v. United States*, No. 13-7152, 2014 WL 1364019, at *27 n.4 (4th Cir. Apr. 8, 2014) (noting that the Eleventh Circuit recently permitted a federal inmate to challenge the legality of a

sentence under § 2241, but "expressly" refusing to decide whether the savings clause might justify relief from a sentencing error through a § 2241 petition in this Circuit).

Because Petitioner has not shown that a motion filed pursuant to § 2255 is inadequate or ineffective to test the legality of his conviction or sentence, this matter should be dismissed. As previously stated, the Sixth Circuit refused to grant Petitioner permission to file a second § 2255 motion based on similar arguments to those he makes in this case. Therefore, the undersigned concludes that it is not in the interest of justice to re-characterize the Petition as a § 2255 motion and/or transfer this case to the sentencing court. *Cf. United States v. McNeill*, No. 12-6129, 2013 WL 1811904, at *5 (4th Cir. May 1, 2013) ("transfer under [28 U.S.C.] § 1631 for an improperly filed petition is in the interest of justice where the statute of limitations would otherwise bar a petitioner from pursuing his habeas rights") (citing *Shaw v. United States*, No. 09-8186, 2011 WL 915814 (4th Cir. March 17, 2011)).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

July 15, 2014                                                               Kaymani D. West
Florence, South Carolina                                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).