IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Tyrice Sawyers, # 15268-075, ) | |
| ) | Civil Action No. 5:14-2135-TMC |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden, FCI-Edgefield, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Tyrice Sawyers is a federal inmate currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice. (ECF No. 21). Petitioner timely objected to the Report. (ECF No. 26).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In 1999, Petitioner was convicted of being a felon in possession of a firearm and sentenced by the Middle District of Tennessee to 300 months. Based upon prior convictions, Petitioner's sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA"). The Sixth Circuit affirmed his conviction and sentence. *United States v. Sawyers,* 223 F.App'x 475 (6th Cir. 2007). Petitioner's initial § 2255 motion was denied in *Sawyers v. United States*, C/A No.3:07-cv-1175. (ECF No. 17). Petitioner has unsuccessfully sought permission from the Sixth Circuit to file a successive § 2255 motion. *In re Sawyers,* C/A No.11-6526 (6th Cir. Sept. 21, 2012).

In the instant petition, Petitioner contends that § 2255 is inadequate or ineffective, and his claims should be considered under § 2241. Although a § 2255 motion is the proper vehicle for challenging a federal conviction or sentence, § 2241 may be used by a federal prisoner to challenge the legality of his conviction if he can satisfy the mandates of § 2255's "savings clause." The savings clause allows an individual to file a petition challenging his conviction in a venue other than the sentencing court if the petitioner can establish that his remedy under § 2255 is "inadequate or ineffective." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)(holding "when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").

Petitioner bears the burden of showing the inadequacy or ineffectiveness of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir.1979). The fact that relief under § 2255 is barred procedurally or by the gatekeeping requirements of § 2255 does not render the remedy of § 2255 inadequate or ineffective. *In re Jones*, 226 F.3d at 332. "[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333-34.  However, the Fourth Circuit has not recognized an entitlement to proceed under § 2241 when an inmate challenges his sentence contending that the remedy under § 2255 is inadequate or ineffective. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008).

Here, as the magistrate judge noted, Petitioner has not demonstrated and cannot demonstrate that the remedy provided under § 2255 was inadequate or ineffective such that he could resort to § 2241.  Petitioner does not allege an intervening change in law that establishes his actual innocence of the underlying conviction.[1]  Citing *United States v. Vanhook*, 640 F.3d 706 (6th Cir. 2011), *United States v. Evans*, 378 F. App'x 485 (6th Cir. 2010), and *Descamps v. United States*, ___ U.S. ___, 133 S.Ct. 2276 (2012), Petitioner argues that the sentencing court improperly considered his prior state convictions in enhancing his sentence and classifying him as an armed career offender.  The court finds that Petitioner's challenge to the validity of his sentence based upon these cases does not meet the requirements of the saving clause.  *See Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013)(holding petitioner's challenge to his armed career criminal status is not cognizable in a § 2241 petition because the savings clause only preserves claims in which petitioner alleges actual innocence of his conviction ).

The court has thoroughly reviewed the Report, Petitioner's objections, and the record in this case and finds no reason to deviate from the Report's recommended disposition.

---

[1] The court notes that while Petitioner states that he is actually innocent of the offense (Objections at 4), Petitioner has not presented a case of factual innocence. Instead, Petitioner argues that his prior crimes that the district court found to be predicate offenses under the ACCA no longer qualify and he should not have been considered a career offender. (*See* Objections at 5, and Pet. generally).

Accordingly, the court adopts the Report (ECF No. 21) and incorporates it herein. It is therefore **ORDERED** that the habeas petition is **DISMISSED** without prejudice.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

September 9, 2014  
Anderson, South Carolina